1
2
3
4                                                    O
5
6
7
8                         UNITED STATES DISTRICT COURT
9                         CENTRAL DISTRICT OF CALIFORNIA
10
11   SILVIA C. D.,                          Case No. 2:18-cv-03568-KES
12                  Plaintiff,
13        v.                                MEMORANDUM OPINION AND
                                            ORDER
14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,[1]
15
16                  Defendant.
17
18                                      I.
19                           ISSUES PRESENTED
20         Plaintiff Silvia C. D. ("Plaintiff") appeals the denial of her applications for
21   disability insurance benefits ("DIB") and supplemental security income ("SSI")
22   based on the Administrative Record ("AR").  Her appeal presents the following
23   two issues:
24         Issue One: Whether the administrative law judge ("ALJ") erred in evaluating
25   the medical evidence concerning Plaintiff's mental impairments, such that the

     _____

26         [1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy
27   Commissioner for Operations, performing the duties and functions not reserved to
     the Commissioner of Social Security."
28

                                          1

ALJ's determination of Plaintiff's mental residual functional capacity ("RFC") is unsupported by substantial evidence.

Issue Two: Whether the ALJ erred by failing to include in Plaintiff's RFC some additional limitation(s) on "motion of the neck."

Joint Stipulation ("JS") at Dkt. 18, page 5.

## II.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff previously applied for DIB and SSI; she was found not disabled in a decision dated January 22, 2013. AR 28, citing AR 641. At that time, the ALJ determined that Plaintiff could do work at all exertional levels, simple and detailed, if the work did not require public contact. AR 631.

The instant appeal concerns Plaintiff's subsequent DIB and SSI applications filed in 2014. AR 790-99. On March 21, 2017, an ALJ issued a decision denying benefits. AR 28-41. The ALJ found that Plaintiff had demonstrated "changed circumstances" by alleging disorders of the spine and submitting a new MRI which showed a herniated disc and disc disease. AR 28; compare AR 629 (discussing 2013 lack of medical evidence of any musculoskeletal impairment that might cause back pain of which Plaintiff complained). The ALJ determined that this new evidence rebutted the presumption of continuing non-disability and supported additional limitations in Plaintiff's RFC. AR 29.

The ALJ found that Plaintiff suffered from the medically determinable severe impairments of "schizoaffective disorder, depressive disorder, methamphetamine abuse, alcohol dependence, anxiety disorder, substance induced mood disorder, borderline intellectual functioning, lumbar degenerative disc disease, and cervical spine degenerative disc disease." AR 31.

Next, the ALJ found that Plaintiff's mental impairments did not meet or medically equal the criteria of listings 12.04 and 12.06. AR 32. In reaching this conclusion, the ALJ found that Plaintiff had mild limitations in understanding,

remembering, or applying information and in maintaining concentration, persistence, or pace, and moderate limitations interacting with others and managing herself. AR 32-33.

Despite her impairments, the ALJ found that Plaintiff had the RFC to perform light work with certain postural limitations. AR 33. To account for Plaintiff's mental impairments, the ALJ included the following limitations in Plaintiff's RFC:

> She can understand, remember, and carry out simple, repetitive tasks
> and make simple work-related decisions. She can perform tasks in a
> routine work setting that has only occasional changes in the work
> routine. Socially, she should avoid contact with the public.

AR 33.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could work as a photocopy machine operator, collator operator, or silver wrapper. AR 40. The ALJ concluded that Plaintiff was not disabled. AR 41.

## III.

## DISCUSSION

A. **ISSUE ONE: Plaintiff's Mental Impairments.**

**1. Law.**

The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. Id. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. Tackett,

180 F.3d at 1097; <u>Morgan v. Commissioner</u>, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

### 2.  The ALJ's Evaluation of Plaintiff's Mental Impairments.

The ALJ summarized records reflecting Plaintiff's hospitalizations due to anxiety and her inconsistent medication regimen. AR 34, citing AR 975-1040. The ALJ also discussed records from her treating physician and counseling therapy. <u>Id.</u>, citing generally AR 1041-1285, 1300-14, and 1319-32.

In addition to treating records, the ALJ noted that Plaintiff received two mental status examinations to evaluate her mental capacity for work. AR 35. Dr. J. Zhang performed the first in August 2014 (AR 1288-91) and Dr. Lou Ellen Sherrill performed the second in December 2016 (AR 1464-73). The ALJ characterized the findings of both examinations as "similar" and "well-supported by the treatment notes." AR 36. The ALJ gave "partial weight" to both opinions. <u>Id.</u>

The ALJ also summarized the findings of State agency psychologists Dr. Uwe Jacobs (AR 660-62) and Dr. Kim Morris (AR 686-91). AR 36-37. Dr. Jacobs found that the evidence concerning Plaintiff's mental impairments was not "substantively different" from that considered by the first ALJ "and thus insufficient for rebuttal of the presumption, etc." AR 660. He therefore recommended adopting the prior ALJ's mental RFC (i.e., a restriction against public contact), noting that this was "not an independent assessment." AR 662. Dr. Morris made the same recommendation for the same reason. AR 688. The ALJ determined that their findings were "mostly consistent with the determination that the claimant is capable of significant work-related activities." AR 37. The ALJ, however, eroded the weight of these opinions because they were based on an

4

assessment system no longer used by the Social Security Administration.[2] Id.

In addition to discussing this medical evidence, the ALJ also discussed Plaintiff's activities as reported in her Adult Function Report (AR 834-55) and hearing testimony (AR 567-84). AR 34.

The ALJ concluded that while Plaintiff has multiple mental impairments, the symptoms that diminished her functionality were "mainly increased due to medication noncompliance." AR 36. "When she did maintain a consistent medication program, her condition greatly improved and she was able to go to the gym for exercise." Id., citing AR 1332.[3]

In determining Plaintiff's RFC, the ALJ accounted for the opinions of Drs. Zhang and Sherrill as follows:

| Functional Area | Zhang (AR 1291) | Sherrill (AR 1470) | RFC (AR 33) |
|---|---|---|---|
| Understand, remember, and carry out simple instructions | No impairment | No difficulty | Limited to simple, repetitive tasks and simple decisions in a routine work setting with only occasional changes |

[2] To evaluate the severity of Plaintiff's mental impairments, they considered Plaintiff's functional limitations in four areas: activities of daily living, social functioning, concentration, and episodes of decompensation. AR 660, 687-88. In 2017, the regulations changed (see 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3)), requiring consideration of limitations in social functioning, concentration, self-management, and understanding, remembering, or applying information.

[3] This January 2015 treatment note states, in relevant part, "Patient says she's doing much better. Has been going to the gym with her neighbor and spending time with her socially. Says she's mentally clearer, exercising has helped her anxiety, and plans to go to her PCP [primary care provider] to come off of her addictive medications…. Wants to get a job to move out of her sister's house. Says biggest stress is her sister expecting her to clean the house and do chores, says that sister is upset she is going to the gym." AR 1332.

| Work without special supervision | Moderate impairment | Can perform simple and repetitive tasks with minimal supervision | Same as above |
|---|---|---|---|
| Respond appropriately to usual work situations and changes in routine | Mild impairment | Moderate difficulty tolerating ordinary work pressures | Same as above (i.e., conditions that reduce ordinary work pressures) |
| Maintain consistent attendance | Moderate impairment | Mild difficulty maintaining normal work cycle | Same as above (i.e., conditions that reduce stressors that trigger absenteeism) |
| Maintain concentration, persistence, and pace | Moderate impairment | Only mild difficulty performing simple repetitive tasks with appropriate persistence and pace | Same as above, but no additional limits on pace of work |
| Interact appropriately with others | Moderate impairment | Mild difficulty | No public contact |

### 3. Claimed Errors.[4]

(1) Plaintiff contends that the ALJ left medical opinion evidence from Drs. Lin and Parikh "unaddressed." (JS at 10.)

---

[4] In the reply portion of the Joint Stipulation, Plaintiff argues that the ALJ also erred in evaluating Dr. Sherrill's opinions. JS at 17. Plaintiff mentioned Dr. Sherrill in her initial summary of the medical evidence but did not make any arguments about the ALJ's treatment about that opinion until the reply portion of the joint stipulation. The Court therefore declines to consider this argument, because it was raised for the first time in a reply and not adequately briefed. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 924 (9th Cir. 1988).

(2) Plaintiff contends that none of the restrictions in her RFC adequately account for her moderate difficulty maintaining concentration, persistence or pace. (JS at 17.)

(3) Plaintiff argues that the ALJ failed to give a specific, legitimate reason for rejecting Dr. Zhang's opinions of Plaintiff's moderate impairments.[5] (JS at 10, citing AR 1291.)

### 4. Analysis.

a. <u>Claimed Error One</u>: Drs. Lin and Parikh.

Treating records from Dr. Catherine Lin of AltaMed Clinic are found in administrative exhibit B3F. <u>See, e.g.</u>, AR 1043, 1099, 1114. The ALJ specifically discussed these records. AR 35. The ALJ did not leave this evidence "unaddressed."

Dr. Sohini Parikh works for the Los Angeles County Department of Mental Health ("LA-DMH"). AR 1338. Treatment records from the LA-DMH are found in administrative exhibit B9F (AR 1335-59). Plaintiff received treatment from various sources at LA-DMH including social workers Theola Flores and Gabriela Ramirez (AR 1335-36), Dr. Mohammed Khan (AR 1337), and Dr. Parikh (AR 1338). The only treatment notes by Dr. Parikh appear at AR 1338-39.

The ALJ did not discuss Exhibit B9F or any of the LA-DMH sources by name. Plaintiff contends, "Failure to consider the treating source findings about the intensity and limiting effects of medical impairments is error," citing <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) (finding prejudicial error where "the ALJ did not even mention Dr. Betat's opinion that Marsh's chronic bursitis rendered her 'pretty much nonfunctional'") (JS at 10.)

---

[5] The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007).

Unlike Dr. Betat, Dr. Parikh did not provide any opinions about the functional limitations caused by Plaintiff's mental impairments. In March 2016, he spoke to Plaintiff for 70 minutes and obtained a personal and medical history. AR 1338. His clinical impression was that Plaintiff suffers from schizoaffective disorder as well as alcohol abuse in full remission – findings echoed by the ALJ. Compare AR 1338 and AR 31. He summarized Plaintiff's medications. AR 1339. He recorded the treatment objectives as reducing mood swings and voices, and he instructed Plaintiff to take her medications as prescribed. AR 1339.

In the JS, Plaintiff fails to identify any opinion by Dr. Parikh that would have changed the ALJ's non-disability determination had the ALJ considered it. Plaintiff, therefore, failed to carry her burden to show prejudicial error. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (explaining that "we may not reverse an ALJ's decision on account of an error that is harmless," and that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

b. Claimed Error Two: Concentration, Persistence, or Pace.

The ALJ found that Plaintiff had only mild limitation in the functional area of maintaining concentration, persistence, or pace. AR 32. In support of this finding, the ALJ cited Plaintiff's reported activities (including the ability to manage her own finances, shop, and travel in public areas) and treating records that "do not describe significant cognitive abnormalities." Id. This finding is also consistent with the opinions of psychological examiner Dr. Sherrill. AR 1470 (finding Plaintiff has only mild difficulty maintaining appropriate concentration and pace when limited to simple, repetitive tasks). Drs. Jacobs and Morris also found only "mild" difficulties in this area. AR 660, 687.

For these reasons, the RFC's failure to restrict Plaintiff against fast-paced work to account for her claimed "moderate" difficulty in maintaining concentration, persistence, or pace is not legal error.

1    c.  Claimed Error Three: Dr. Zhang.

2        Procedurally, Plaintiff contends that the ALJ was required to list each of Dr.

3    Zhang's opinions about Plaintiff's functional limitations and either adopt each one

4    in its entirety or give a specific, legitimate reason for rejecting it.  Not so.  The ALJ

5    complied with the applicable regulations by summarizing Dr. Zhang's report,

6    stating that he gave it "partial" weight, and explaining why.  See 20 C.F.R. §§

7    404.1527, 416.927.

8        Substantively, Plaintiff contends that the RFC fails to account for the

9    numerous "moderate" limitations opined by Dr. Zhang.  (JS at 10.)  As

10   demonstrated by the summary chart above, this again is not so.  The ALJ agreed

11   with Dr. Zhang that Plaintiff has moderate difficulties interacting with others.  AR

12   32.  In the RFC, the ALJ restricted Plaintiff against public contact, but did not

13   restrict the frequency of Plaintiff's interactions with coworkers or supervisors.  AR

14   31.  Plaintiff contends that this was error.  (JS at 10.)  The ALJ, however,

15   accurately summarized evidence of Plaintiff's ability to get along with others as

16   demonstrated by her public activities, such as shopping and going to the gym.  AR

17   32.  Plaintiff testified that she was comfortable being around two or three people.

18   AR 583.  It is the ALJ's role to translate the evidence into an RFC.  See Rounds v.

19   Comm'r of S.S.A., 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible

20   for translating and incorporating clinical findings into a succinct RFC.").  Plaintiff

21   has not demonstrated that the ALJ committed legal error by determining that

22   Plaintiff's difficulties in social functioning could be adequately accommodated by

23   restricting her public contact but not restricting her interactions with coworkers or

24   supervisors.

25   B. **ISSUE TWO: Motion of the Neck.**

26        **1.  The RFC's Exertional Limitations.**

27        The ALJ restricted Plaintiff to occasionally climbing stairs and ramps, but

28   never climbing ladders or scaffolds.  AR 33.  The ALJ found that Plaintiff can

occasionally stoop, kneel, crouch, and crawl.  Id.  In the context of Social Security disability benefits, "occasionally" means no more than one-third of the workday. See, e.g., Social Security Ruling 96-9p, 1996 WL 374185.

**2. Claimed Errors.**

(1) Plaintiff contends that the ALJ failed to give any reasons for rejecting Plaintiff's subjective symptom testimony about neck pain.  (JS at 20.)

(2) Plaintiff contends that the ALJ failed to give any reasons for rejecting the findings of Dr. Pollis regarding "the presence of spasms and loss of motion." (Id., citing AR 38.)

(3) Plaintiff contends that the ALJ should have included some additional limitation on neck movement in the RFC.  (Id.)

**3. Law.**

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged."  Id. at 1036.  If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).  Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion.  Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010).  Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or

an examining physician's opinion in favor of a non-examining physician's opinion. Orn, 495 F.3d at 632.

### 4. **Plaintiff's Subjective Symptom Testimony.**

When asked why she was unable to work, Plaintiff testified at the hearing, "I have a severe back pain that radiates to my leg … It radiates to my back. It comes to my neck and it gives me a lot of pressure and it gives me headaches. So it's very hard for me to walk and to sit for a long period of time or to work for a long period of time." AR 572. Plaintiff testified that she could walk only two or three blocks and stand only twenty or thirty minutes. AR 580. She testified that she was unable to reach above her shoulder with her left hand due to back and neck pain. AR 581.

The ALJ gave multiple reasons for disbelieving Plaintiff's subjective symptom testimony. One stated reason was that "in March 2014, she reported that she performed yoga and boxing for exercise, strongly suggesting her condition was not as limiting as described." AR 37, citing AR 1101. Results of numerous office visits described normal physical examinations, without any description of an inability to walk or function. Id., citing AR 996, 1026 (describing neck in October 2013 as "supple" and "nontender"), 1199, 1368 (findings on neck exam in June 2016 reported as "normal"), 1375. These were sufficient reasons to disbelieve Plaintiff's testimony that her neck pain is so severe, she cannot do any job that requires neck motion.

### 5. **Dr. Pollis.**

The ALJ discussed Plaintiff's orthopedic consultative examination with Dr. Pollis. AR 38, citing AR 1476-80. Dr. Pollis noted Plaintiff's complaint that she experiences neck pain upon movement. He limited her to occasional bending, climbing, stooping, kneeling, and crouching. AR 1480. The ALJ gave Dr. Pollis's opinions "considerable weight," finding them consistent with Plaintiff's reported activities of yoga and boxing. AR 38. The ALJ adopted similar limitations in the

RFC.  AR 33.

Plaintiff has failed to demonstrate legal error in the ALJ's evaluation of Dr. Pollis's report.  More fundamentally, Plaintiff has failed to demonstrate that the RFC's restriction to light work with only occasional postural activities is insufficient to account for her neck pain.

**6.  <u>Restrictions Against Neck Movement.</u>**

Plaintiff contends that the ALJ erred by failing to include in Plaintiff's RFC some limitation on "motion of the neck," but she does not suggest what that limitation should have been or cite to any medical source who opined such a restriction was necessary.  Plaintiff also fails to discuss why limitations on neck movement might preclude her from working as a photocopy machine operator, collator operator, or silver wrapper.  Plaintiff has failed to demonstrate prejudicial legal error.

**V.**

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.


DATED:  <u>March 14, 2019</u>

_Karen E. Scott_
_____
KAREN E. SCOTT
United States Magistrate Judge